# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RAMON TABOADA,

    Plaintiff,

v.                                        CASE NO.  8:19-cv-1355-T-02SPF

MI SUPERMERCADO, LLC d/b/a
Bravo Supermarket,

    Defendant.
_____/

## O R D E R

    This cause comes before the Court on Plaintiff's Motion for Entry of Default Final Judgment against Defendant with affidavits (Dkt. 14).  After reviewing the file, the Court concludes that the record fails to establish proper service on the Defendant and the clerk's default must be set aside.

    Plaintiff brought this action to recover unpaid minimum wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (FLSA) against Defendant.  The summons is addressed to "MI SUPERMERCADO, LLC d/b/a Bravo Supermarket, By Serving its Registered Agent Oqab Abuoqab, 6821 Lake Devonwood Drive, Ft. Myers, FL 33908."  Dkt. 3.  The affidavit of service avers that the summons and complaint were served on "SANA ABUOQUB as SPOUSE

of R/A for MI SUPERMERCADO, LLC D/B/A BRAVO SUPERMARKET at [the Devonwood Drive address]." Dkt. 7. On Plaintiff's motion, a clerk's default was entered against MI Supermercado, LLC, in August 2019. Dkts. 8, 9.

The spouse of the registered agent was served. This fact alone, without more, confirms that proper service was not effected on the limited liability company. *See*, *e.g.*, *Pierre v. Little New Orleans 1 Kitchen & Oyster Bar, L.L.C.*, No. 6:15-cv-709-Orl-40DAB, 2016 WL 721925, at *2 (M.D. Fla. Feb. 24, 2016) (finding service on spouse of registered agent of limited liability company insufficient and citing *Accident Ins. Co. v. Blue Sky Contracting, Inc.*, No. 3:12-cv-995-J-25MCR, 2013 WL 1881415, at *2 (M.D. Fla. May 6, 2013)).[1]

Service on a corporation can be made "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering [the summons and complaint] to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ.

---

[1] *See also Orange Lake Country Club v. Castle Law Group, P.C.*, No. 6:17-cv-1044-Orl-31DCI, 2017 WL 10085022 (M.D. Fla. Dec. 6, 2017) (finding insufficient service on limited liability company by serving spouse at "abode"); *Kennedy v. Pipeline Props., LLC*, No. 2:16-cv-192-CM, 2016 WL 3632282, at *2 (M.D. Fla. July 7, 2016) (finding insufficient service on corporation by serving spouse of registered agent at home); *Setanta Sports N. Am. Ltd. v. Pickford*, No. 6:09-cv-818-Orl-28GJK, 2009 WL 10712885 (M.D. Fla. Sept. 30, 2009) (finding insufficient service on corporation by serving wife of registered agent).

P. 4(h)(1)(A), (B). Rule 4(e)(1), which is referenced in Rule 4(h)(1)(A), provides that state law must be followed to properly serve an individual. Without looking to state law, there is no express option under Rule 4 to serve a family member of the registered agent.

As directed by Rules 4(h)(1)(A) and 4(e)(1), state law determines whether a spouse of a registered agent may be served. Florida law provides that process against a limited liability company may be served on the registered agent or an employee of the registered agent. Fla. Stat. § 48.062(1) (2019). The record does not reveal whether Mrs. Abuoqab is an employee of her husband.

State law analysis continues. If the address for the resident agent is a residence, service may be made on the registered agent in accordance with section 48.031. Section 48.031(1)(a) provides for service on a person at his or her "usual place of abode" by leaving copies with a person residing there who is fifteen or older. Subsection (2)(a) provides for substitute service on the spouse based on three conditions not apparent in this record.[2] It is unclear whether the address on

---

[2] Substitute service on the spouse of the person, the person being the registered agent Mr. Oqab Abuoqab, is permitted "if the cause of action is not an adversarial proceeding between the spouse and the person to be served, if the spouse requests such service or the spouse is also a party to the action, and if the spouse and person to be served reside together in the same dwelling, regardless of whether such dwelling is located in the county where substituted service is made." Fla. Stat. § 48.031(2)(A).

the summons is the residential address for the registered agent of Defendant MI Supermercado, LLC. On this record, the Court finds service of process has not been established. It is therefore **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 14) is denied without prejudice.

2. The clerk's default (Dkt. 9) is vacated and set aside and the clerk is directed to effect same on the docket.

3. Plaintiff shall either (a) file a renewed motion for entry of clerk's default on or before September 20, 2019, or (b) serve Defendant on or before October 10, 2019.

4. Failure to comply with this Order may result in the dismissal of Plaintiff's claims against Defendant.

**DONE AND ORDERED** at Tampa, Florida, on September 10, 2019.

    s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record