UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMON TABOADA,

    Plaintiff,

v.                                               CASE NO. 8:19-cv-1355-T-02SPF

MI SUPERMERCADO, LLC d/b/a
Bravo Supermarket,

    Defendant.
_____/

## **O R D E R**

This cause comes before the Court on Plaintiff's Renewed Motion for Entry of Default Final Judgment with affidavits (Dkts. 19; 19-1; 19-2). After reviewing the pleadings, affidavits, and the entire file, the Court concludes a default final judgment should be entered as to liability, damages, and costs.

## BACKGROUND

Plaintiff brought this action to recover unpaid minimum wage and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA) against Defendant MI Supermercado, LLC d/b/a Bravo Supermarket. Dkt. 1. Defendant failed to answer or otherwise defend. A clerk's default was entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Dkt. 18. Plaintiff now seeks a final default judgment against Defendant pursuant to Rule 55(b).

# LEGAL STANDARD

To determine whether the moving party is entitled to a default final judgment under Rule 55, the Court must review the sufficiency of the complaint and its underlying substantive merits. *Chudasma v. Mazda Motor Corp.*, 123 F.3d 1353, 1370, n.41 (11th Cir. 1997). For purposes of liability, a defaulting defendant admits only the plaintiff's well-pleaded allegations of fact. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] If there is a "sufficient basis in the pleadings," a default judgment should be entered. *Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, 650 F. App'x 729, 733 (11th Cir. 2016) (quoting *Nishimatsu*).

Once the Court has established liability, then it must conduct an inquiry to ascertain the amount and character of damages to be awarded. *Whole Space Indus. Ltd. v. Gulfcoast Int'l Prods., Inc.*, 2009 WL 2151309, at *3 (M.D. Fla. July 13, 2009) (citing *Wallace v. Kiwi Group, Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008)). "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation."

---

[1] "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu*, 515 F.2d at 1206. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

*United Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted); *see also* Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation [judgment may be entered on an affidavit]."). A hearing may not be necessary if essential evidence is before the Court. *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).

## LIABILITY

To prevail on a claim for wages, the plaintiff must show that (1) he was employed by the defendant; (2) he was employed by an enterprise engaged in commerce, and (3) the defendant failed to pay him the minimum wage or overtime as required by the FLSA. *Moser v. Action Towing Inc of Tampa*, No. 8:16-cv-420-T-35JSS, 2017 WL 10276702, at *1 (M.D. Fla. Feb. 6, 2017) (citation omitted). Plaintiff worked as a butcher in two different locations from October 2016 through July 2018. Dkts. 1 ¶ 11; 19-1 ¶ 3. MI Supermarket, as a grocery store, meets the definition of an enterprise engaged in commerce with yearly sales of $500,000 or more. Dkt. 1 ¶¶ 14-16; *see* 29 U.S.C. §203(s)(1).

Plaintiff failed to receive overtime wages for one or more weeks from April 2018 through July 2018 when his work there ended. Dkts. 1 ¶ 32; 19-1 ¶ 6; 20. Defendant failed to keep time records, yet deducted an average of five hours per week from the total number of hours worked. Dkts. 1 ¶ 28; 19-1 ¶ 6; 20. The

overtime totals $1,203.75, which resulted from Defendant's willful withholding of wages. Dkts. 1 ¶¶ 35-39, 40-43, 50-53; 19-1 ¶ 8; 20. Based on the pleadings, affidavits, and exhibits, the Court finds a sufficient basis to enter a default judgment as to liability.

## DAMAGES

Plaintiff seeks $1,203.75 for unpaid wages, $1,203.75 in liquidated damages under the FLSA, and $460.00 in costs. Dkts. 19-1 ¶ 8; 20 (damages); 19-2 (costs). The Court finds the damages are a sum certain which are ascertainable by mathematical calculation. The costs are authorized and recoverable.

It is therefore **ORDERED AND ADJUDGED**:

1) Plaintiff's Renewed Motion for Entry of Default Final Judgment (Dkt. 19) is granted.

2) The Clerk is directed to enter a final default judgment against Defendant and in favor of Plaintiff in the amount of $2,407.50 in damages and $460.00 in costs, for a total of $2,867.50.

3) The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on September 23, 2019.

                                                    s/*William F. Jung*
                                                    **WILLIAM F. JUNG**
                                                    **UNITED STATES DISTRICT JUDGE**